**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

     **Plaintiff,**

       **v.**

                                   **CRIMINAL NO.** 13-907(JAG)

[5] REIMUNDO QUINONEZ-CASTRO

     **Defendant.**

**OPINION AND ORDER**

Garcia-Gregory, D.J.

    Before the Court is a Motion to Dismiss Count Eighteen filed by Reimundo Quinonez-Castro ("Quinonez-Castro" or "Defendant"). (Docket No. 98). Mr. Quinonez-Castro is charged in Count Eighteen for violations of 18 U.S.C. § 1623, specifically, for making false statements on September 26, 2013 before the Grand Jury. For the reasons stated below, the Motion to Dismiss is hereby **DENIED.**

**BACKGROUND**

    On September 26, 2013, Mr. Quinonez-Castro appeared by way of a subpoena before a Grand Jury to testify in relation to a criminal investigation of Angel Reyes-Agosto. The Government informed Mr. Quinonez-Castro that he was not a "target" of the criminal investigation, but rather, a "subject" whose conduct

Civil No. 13-907 (JAG)                                                    2

was within the scope of the Grand Jury's investigation. (Docket Nos. 98, 108). Moreover, Mr. Quinonez-Castro concedes that the Government provided him with Miranda warnings prior to his testimony. (Docket No. 98). In fact, the Government advised the Defendant that he could consult his attorney at any moment during the proceeding and assert his right against self-incrimination. (Docket No. 108). The Defendant stated on several occasions that he understood all of his rights and that he was willing to testify. Id.

On December 19, 2013, an Indictment charging Mr. Quinonez-Castro with making false declarations before the Grand Jury was filed. (Docket No. 3). In light of the fact that the Government intends to use the transcripts of the Grand Jury proceeding at trial, (Docket No. 93), Defendant filed the instant motion to dismiss the perjury charges on the basis that the Government violated his constitutional right to counsel. (Docket 98).

## DISCUSSION

The Sixth Amendment of the U.S. Constitution guarantees that: "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. It is well established, however, that a person's constitutional "right to counsel attaches only at or after the time that *adversary* judicial proceedings have been initiated against him." United States v.

Civil No. 13-907 (JAG)                                              3

Gouveia, 467 U.S. 180, 187 (1984) (citing Powell v. Alabama, 287
U.S. 45, 53 (1932)) (other citations omitted) (emphasis added).
In other words, this constitutional right attaches once the
Government has committed itself to the prosecution of the
accused "whether by way of formal charge, preliminary hearing,
indictment, information or arraignment." Kirby v. Illinois, 406
U.S. 682, 689 (1972).

        Moreover, an individual subpoenaed to testify before a
grand jury is not entitled to Miranda warnings, since "[t]hose
warnings were aimed at the evils seen . . . as endemic to police
interrogation of a person in custody" rather than to the grand
jury questioning of a person. United States v. Mandujano, 425
U.S. 564, 579 (1976). In addition, unlike in the setting of a
custodial interrogation by the police, there is no "absolute
right to silence" during grand jury questioning. Id. At 581.
Specifically, "a grand jury witness . . . has an absolute duty
to answer all questions, subject only to a valid Fifth Amendment
claim [of the right against self-incrimination]." Id. Even then,
the Fifth Amendment "does not endow the person who testifies
with a license to commit perjury." United States v. Wong, 431
U.S. 174, 178 (1977).

        Defendant argues that his right to counsel under the Sixth
and Fourteenth Amendments was violated because the Government
considered Mr. Quinonez-Castro a target of the investigation and

Civil No. 13-907 (JAG)                                        4

did not inform him of this fact prior to his testimony. (Docket
No. 98). It is hard to see how this argument makes sense since
the Defendant's status during a grand jury proceeding is
unrelated to any potential violation of the right to counsel. In
this case, it is clear that Mr. Quinonez-Castro's right to
counsel had not attached when he appeared on September 26, 2013
before the Grand Jury. Mr. Quinonez-Castro was subpoenaed to
testify before the Grand Jury in relation to a criminal
investigation of Angel Reyes-Agosto. Consequently, it cannot be
said that the Government had committed itself to the prosecution
of Mr. Quinonez-Castro through the initiation of an adversary
judicial proceeding at that point. See Kirby, 406 U.S. at 689.
Since the right to counsel had not attached, and the Defendant
does not dispute this fact, it necessarily follows that such
right was not violated. Mandujano, 425 U.S. at 581 (stating that
a witness "before a grand jury cannot insist, as a matter of
constitutional right, on being represented by his counsel . . .
.") (citations omitted).

     Moreover, even though Mr. Quinonez-Castro was not entitled
to Miranda warnings prior to testifying in the grand jury
proceeding, the Government decided to advise him of his
constitutional rights nonetheless. Id. 579 (holding that a
witness subpoenaed to appear before a Grand Jury is not entitled
to Miranda warnings). At all moments, the Defendant indicated

Civil No. 13-907 (JAG)                                          5

that he understood his rights and that he wanted to testify.
(Docket No. 108) (quoting the Grand Jury transcript). Defendant
decided not to assert his Fifth Amendment right despite a clear
recital of the Miranda warnings and the fact that he had been a
police officer since 2003, and thus likely has a clear
understanding of his constitutional rights. In any event, it is
clear that the Fifth Amendment's privilege against self-
incrimination does not include the right to commit perjury.
Harris v. New York, 401 U.S. 222 (1971); see also Wong, 431 U.S.
at 178. Mr. Quinonez-Castro's alleged perjured statements cannot
be protected because perjury is never a permissible alternative
to a defendant's failure to assert his Fifth Amendment
privilege.

    Defendant further argues that had he known that he was in
fact a target of the investigation, he would have consulted his
lawyer and refused to testify on Fifth Amendment grounds.
(Docket No. 98). Again, it is hard to see how this argument
shows that any of the Defendant's constitutional rights was
violated. The Government is not constitutionally required to
warn Mr. Quinonez-Castro that he was a target of the grand jury
questioning. Instead of citing any legal authority in his Motion
to Dismiss, the Defendant opted to rely on the United States
Attorneys' Manual of the Department of Justice ("USAM") for the
proposition that supplemental advice should have been given to

Civil No. 13-907 (JAG)                                          6

Mr. Quinonez-Castro because he was a target of the
investigation. Id. While Mr. Quinonez-Castro has not exactly
proved that he was in fact a target, it is quite clear that the
USAM "provides only internal Department of Justice guidance" and
"does not create any substantive or procedural rights" for a
defendant, let alone establish the threshold for constitutional
rights. U.S. Attorneys' Manual § 1-1.100; see United States v.
Craveiro, 907 F.2d 260, 264 (1st Cir. 1990) (stating that the
USAM's guidelines and policies do not create enforceable rights
for defendants). Consequently, Defendant's constitutional claims
are unfounded.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES**
Defendant's Motion to Dismiss. (Docket No. 98).


IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of December, 2014.


                              S/ Jay A. Garcia-Gregory
                              JAY A. GARCIA-GREGORY
                              United States District Judge